GARCIA V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-03-054-CR

JORGE DIAZ GARCIA A/K/A JORGE DIAZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Jorge Diaz Garcia a/k/a Jorge Diaz of aggravated sexual assault of L.M., a child under fourteen, and assessed his punishment at fifteen years’ imprisonment.  The parties are familiar with the facts of this case, and the applicable law is well-settled.  We will affirm.

In two points, Appellant challenges the legal and factual sufficiency of the evidence with respect to his identity as L.M.’s assailant.
(footnote: 2)  Specifically, Appellant directs us to the testimony of L.M., in which she stated that she did not see the face of the man who assaulted her.
(footnote: 3)  Appellant also points out that once when the State asked L.M. whether she was sure Appellant was her assailant, she responded, “Yes, kind of.” 

We have carefully examined all of the evidence in the record concerning Appellant’s identity as L.M.’s assailant.  On the night of September 23, 2000, eight-year-old L.M. slept, as she often did, on the kitchen floor outside of her mother and Appellant’s bedroom.  Appellant, his cousin Yayo, L.M., L.M.’s mother Ines, and L.M.’s brother Edgar stayed at the house that night. 

L.M. testified that during the night she was awakened by Appellant rubbing her “private part” under her clothes with his hand and licking it with his tongue.  L.M. testified that she was scared, so she acted like she was asleep.  On cross-examination, L.M. testified that she kept her eyes closed most of the time, although she stated that she “opened them a little bit.”  She testified that, while it was dark in the kitchen, because her mother’s bedroom door was halfway open, light from the outside shone in the kitchen.  L.M. said her assailant was wearing shorts but no shirt. 

L.M. admitted that she never saw the face of the person who touched her but that “[she] only saw his short hair” and the shape of his face.  According to L.M., she was able to identify Appellant as the person who touched her mainly because of his hair.  L.M. testified that Appellant had short hair and that Yayo’s hair was “like to his neck.”  She also said that the assailant’s head was shaped similar to Appellant’s head.  L.M. testified that when the person left her, he went back into her mother’s bedroom. 

On redirect examination, L.M. identified Appellant as the person who touched her and ruled out Edgar and Yayo in the following exchange: 

[State]:  Are you sure that it was [Appellant] who both licked you and touched you on your private part that night.

[L.M.]:  Yes, kind of.

[State]:  When you say kind of, I want to make sure . . . that you understand what we’re saying.  Do you think it was Yayo who touched or licked you that night?

[L.M.]:  No.

[State]:  Do you think that it was Edgar who touched or licked you that night?

[L.M.]:  No.

[State]:  Are you sure that it was [Appellant] that touched and licked you that night?

[L.M.]:  Yes. 

Appellant took the stand in his own defense and denied sexually assaulting L.M. 

Upon reviewing the evidence under the applicable standards of review,
(footnote: 4) giving due deference to the factfinder’s determinations, we conclude that the evidence presented at trial was both legally and factually sufficient to establish that Appellant was the person who sexually assaulted L.M.

We overrule Appellant’s two points and affirm the trial court’s judgment.

PER CURIAM

PANEL F: GARDNER, J.; CAYCE, C.J.; and McCOY, J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  January 29, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
See Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979) (setting forth legal sufficiency standard of review);
 Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000) (discussing legal and factual sufficiency standards of review); 
Clewis v. State
, 922 S.W.2d 126, 132-34 (Tex. Crim. App. 1996) (same).

3:
See Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003) (stating that a proper factual sufficiency review must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal).

4:
See Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789;
 Johnson
, 23 S.W.3d at 8-9; 
Clewis, 
922 S.W.2d at 136.